IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*************************************************************************

| | |
|---|---|
| IN RE: : | |
| : | |
| EUGENE MARK CONFORTI : | CASE NO. 5:11-04358 |
| a/k/a Eugene M. Conforti : | |
| a/k/a Eugene Conforti : | |
| : | |
| SHARON RENE CONFORTI : | |
| a/k/a Sharon R. Conforti : | |
| a/k/a Sharon Conforti : | CHAPTER 13 |
| Debtor(s) : | |

*************************************************************************

| | |
|---|---|
| EUGENE CONFORTI   AND : | |
| SHARON CONFORTI : | |
| Plaintiffs, : | |
| vs. : | ADV. NO.:_____ |
| FIRSTPLUS BANK AND : | |
| FIRSTPLUS FINANCIAL, INC. AND : | |
| US BANK NATIONAL ASSOCIATION, AS : | |
| INDENTURED TRUSTEE FOR THE : | |
| FIRSTPLUS ASSET-BACKED SECURITIES: | |
| SERIES NO. 1998-3 AND : | |
| REAL TME RESOLUTIONS, INC. : | |
| CHARLES J.DEHART, III, ESQ. : | |
| CHAPTER 13 TRUSTEE : | |
| Defendants : | |

*************************************************************************

<u>COMPLAINT TO DETERMINE THE VALIDITY AND EXTENT OF MORTGAGE LIEN
UNDER 11 U.S.C. SECTION 506(d) AND 11 U.S.C. SECTION 1322 (b)(2)</u>

*************************************************************************

NOW COMES, Eugene Conforti and Sharon Conforti, Debtors, by and through their counsel, Tullio DeLuca, Esq., and files this Complaint and states the following:

1. On June 16, 2011, Eugene Conforti and Sharon Conforti, (hereinafter "Plaintiffs/Debtors") filed a Petition under Chapter 13 Title 11, U.S. Code in the United States Bankruptcy Court for the Middle District of Pennsylvania.

2. Charles J. DeHart, III, Esquire was appointed the standing Chapter 13 Trustee in the above case.

3. Defendant, FirstPlus Bank, is a Mortgagee of record for real property located at 2314 Lafayette Street, Scranton, PA 18504 by way of Mortgage dated February 10, 1998 and filed on February 26, 1998 and recorded in Lackawanna County Reorder of Deeds to Book number 2048 page 16. A copy of the mortgage is attached hereto and marked as Exhibit "A."

4. Defendant, FirstPlus Financial, Inc. is a Mortgagee by way of an alleged assignment filed on January 12, 2006 from FirstPlus Bank recorded in Lackawanna County Reorder of Deeds to Instrument number 200601116. A copy of the assignment is attached hereto and marked as Exhibit "B."

5. Defendant, US Bank National Association, as Indentured Trustee for the FirstPlus Asset-backed Securities Series No. 1998-3 is a Mortgagee by way of an alleged assignment filed on December 12, 2005 from FirstPlus Financial, Inc. recorded in Lackawanna County Reorder of Deeds to Instrument number 200536503. A copy of the assignment is attached hereto and marked as Exhibit "C."

6. Defendant, Real Tme Resolutions, Inc., is the servicer of record for the above mentioned instrument acting as agent for Countryside Home Loans,.

7. This Court has jurisdiction under 28 U.S.C. Section 1334 and 28 U.S.C. Section 157.

8. This is an action under 11 U.S.C. Section 506(d) and 11 U.S.C. Section 1322 (b)(2) to determine the validity and extent of Defendant's secured claim against Debtors' real property.

9. When the Debtor filed their Chapter 13 Bankruptcy Petition, the Debtors were the fee simple owner of real estate located at 2314 Lafayette Street, Scranton, PA 18504. (hereinafter "the property")

10. A Market analysis of 2314 Lafayette Street, Scranton, PA 18504 was conducted on or about June 15, 2011 and reflected a fair market value of the property to be $43,500.00.

11. Defendants retain a second mortgage lien against the property with a

balance of $23,668.54, as of the petition date.

12. BAC Home Loans Servicing, retains a first mortgage lien against the property with a balance of $118,116.82, as of the petition date.

13. As such, FirstPlus Bank, FirstPlus Financial, Inc., and US Bank National Association, as Indentured Trustee for the FirstPlus Asset-backed Securities Series No. 1998-3's second mortgage lien is subject to being avoided in its entirety pursuant to 11 U.S.C. Section 506(d).

14. Debtors have proposed in the Plan to avoid in its entirety Defendant's second mortgage lien through the Plan.

15. Therefore, Defendant's second mortgage lien is subject to being avoided in its entirety pursuant to 11 U.S.C. Section 506 as the fair market value of the property is less than the balance owed on the first mortgage lien.

WHEREFORE Debtors pray the Court enter an Order approving the avoidance of the above mortgage in its entirety, as the value of the property is less than the balance of the first mortgage and second mortgage.

Respectfully Submitted,

*/s/ Tullio DeLuca*
Tullio DeLuca, Esquire
PA ID #59887
Counsel for Debtors
381 North 9th Street
Scranton, PA 18504
(570)347-7764

Dated: 9/19/11

"I hereby CERTIFY That this document is recorded in the Recorder of Deeds Office of Lackawanna County, Pennsylvania.

*Evelyn Rafalko McNulty*
Evelyn Rafalko McNulty
Recorder of Deeds

```
DOCK #                    2107
02-26-98 11:57A. NCONED0171499
MTGE                    $17.00
WRIT FEE                 $0.50
OFF HOUSING             $13.00
SubTl                   $30.50
CHECK                   $30.50
Change                   $0.00
RECORDER OF DEEDS
LACKAWANNA CO.  #15
SCRANTON, PA 18503
Evelyn Rafalko McNulty
CHECK                   $30.50
02-26-98 11:57A. NCONED0171499
```

2107

BOOK 2048 PAGE 16

Exhibit A

PA DATA SEARCH

206374

Please Return To:
FIRSTPLUS BANK C/O FIRSTPLUS FINANCIAL, INC.
1331 ELMWOOD AVE., STE 305
Columbia, SC 29201

Parcel Number: See Legal Description

# MORTGAGE

Loan No.: 9200001149     98-3

THIS MORTGAGE is made this 10th day of February, 1998, between the Mortgagor,
EUGENE CONFORTI AND SHARON CONFORTI, HIS WIFE

(herein "Borrower"), and the Mortgagee,
FIRSTPLUS BANK, a California corporation
, a corporation organized and
existing under the laws of CALIFORNIA, whose address is
18302 IRVINE BLVD. #300, Tustin, CA 92780
(herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 22,681.46, which indebtedness is evidenced by Borrower's note dated February 10, 1998 and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on February 14, 2023;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the County of LACKAWANNA,
State of Pennsylvania:

SEE EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF

which has the address of 2314 LAFAYETTE STREET, SCRANTON
[Street] [City]
Pennsylvania 18504 (herein "Property Address");
[ZIP Code]

| PENNSYLVANIA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT |

-76(PA) (9611)     Form 3839
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 5     Initials: SC / EC     BOOK 2048 PAGE 17

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

-76(PA) (9611)　　　Page 2 of 6　　　BOOK 2048 PAGE 18　　　Form 3839
Initials: KK
KEC

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict

-76(PA) (9611)　　　　Page 3 of 6　　BOOK 2048 PAGE 19　　Form 3839

shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided by applicable law specifying, among other things: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, and costs of documentary evidence, abstracts and title reports.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to at least one hour before the commencement of bidding at a sheriff's sale or other sale pursuant to this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bond and reasonable attorneys' fees, and then to the sums secured by this Mortgage. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate stated in the Note.

-76(PA) (9811)  Page 4 of 5  BOOK 2048 PAGE 20  Form 3839 Initials: _JdC_ _EC_

## REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

Witnesses:

_____  _R. Sharon Conforti_____ (Seal)
Print Name:                       SHARON CONFORTI                  -Borrower

_____  _N. Eugene Conforti_____ (Seal)
Print Name:                       EUGENE CONFORTI                  -Borrower

                                  _____ (Seal)
                                                                   -Borrower

                                  _____ (Seal)
                                                                   -Borrower
                                  (Sign Original Only)

Certificate of Residence

I, the Undersigned, do hereby certify that the correct address of the within-named Lender is Marquis Plaza -5315 Campbells Run Rd. Suite 190 Pittsburgh, PA 15205

Witness my hand this 10th day of February 1998

_James + Greene_____
Agent of Lender

COMMONWEALTH OF PENNSYLVANIA, Lackawanna.    County ss:

On this, the 10th day of February, 98, before me, the undersigned officer, personally appeared SHARON CONFORTI and EUGENE CONFORTI known to me (or satisfactorily proven) to be the person whose name subscribed to the within instrument and acknowledged that executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.
My Commission Expires:

_Heath Goldstein_____
Title of Officer

```
NOTARIAL SEAL
HEATH GOLDSTEIN, NOTARY PUBLIC
CLARKS SUMMIT BORO, LACKAWANNA CTY.
MY COMMISSION EXPIRES FEB. 10, 2001.
```

-78(PA) (9611)         Page 5 of 5    BOOK 2048 PAGE 21        Form 3839

Loan No.: 9200001149     CONFORTI

EXHIBIT "A" TO THE SECURITY INSTRUMENT - LEGAL DESCRIPTION
BEING OF THE FORM AND SHAPE OF A RECTANGLE AND COMPRISING LOT NUMBER
ONE HUNDRED TWENTY FOUR (124) IN SQUARE OR BLOCK NUMBER SEVEN (7),
ACCORDING TO PA MAP OF THE PLAN OF SUBDIVISION OF A PART OF THE PELEG
BRIGGS FARM INTO LATE BY THE KEYSER VALLEY LAND AND IMPROVEMENT
COMPANY", RECORDED IN THE OFFICE FOR THE RECORDING OF DEEDS IN AND FOR
SAID COUNTY IN MAP BOOK NO.1, PAGE 114. SAID BLOCK IS ALSO DESIGNATED
AS BLOCK NUMBER ONE HUNDRED FORTY SEVEN (147) ACCORDING TO THE CITY
ANSESSMENT MAP OF SAID WARD, WHICH SAID LOT IS OF THE FOLLOWING
FURTHER DESCRIPTION AND DISMENSIONS, TO WIT:- BEING FORTY (40) FEET,
IN WIDTH RESPECTIVELY ON ITS NORTHWESTERN AND SOUTHERN ENDS AND BEING
ONE HUNDRED TWENTY-TWO (122) FEET IN DEPTH ON ITS RIGHT LINES, WHICH
ARE PARALLEL WITH SAID LAFAYETTE STREET, TOGETHER WITH A PERPETUAL
PRIVILEGES OF ENCLOSING, OCCUPYING AND USING TWENTY (20) FEET OF LAND
IN FRONT OF THE FRONT LINE OF THE ABOVE MENTIONED LOT, PLACE OR PARCEL
OF LAND ON MARRIFIELD AVENUE AFORESAID, FOR YARD, LAWN, FLOWERS,
TREES, SHRUBBERY, PORCH, PLAZZA, BAY-WINDOW OR VAULT, BY FOR NO OTHER
PURPOSES, NO SUCH PORCH, PLAZZA OR BAY-WINDOW TO EXCEED TAN (10) FEET
IN WIDTH, AND THE TOP OF THE OUTSIDE OF NO SUCH VAULT TO BE HIGHER
THAN THE SIDEWALLS IN FRONT OF THE SAID TWENTY (20) FEET PRIVILEGES.

BOOK 2048 PAGE 22



**EVIE RAFALKO McNULTY**
*LACKAWANNA COUNTY RECORDER OF DEEDS*
200 North Washington Avenue
Scranton, Pennsylvania 18503
(570) 963-6775

Instrument Number - 200601116
Recorded On 1/12/2006 At 2:46:40 PM       * Total Pages - 2
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - 42513         User - MH
* Mortgagor - CONFORTI, SHARON
* Mortgagee - FIRSTPLUS FINANCIAL INC
* Customer - COUNTRYWIDE HOME LOANS INC
* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| STATE JCS/ACCESS TO JUSTICE | $10.00 |
| RECORDING FEES - RECORDER OF DEEDS | $13.00 |
| PARCEL CERTIFICATIONS | $10.00 |
| COUNTY IMPROVEMENT FEE | $2.00 |
| ROD IMPROVEMENT FEE | $3.00 |
| TOTAL | $38.50 |

This is a certification page

**DO NOT DETACH**

This page is now part
of this legal document.

**RETURN DOCUMENT TO:**
COUNTRYWIDE HOME LOANS INC
PO BOX 5012
WOODLAND HILLS, CA 91365

I hereby CERTIFY That this document is
recorded in the Recorder of Deeds Office
of Lackawanna County, Pennsylvania.

Evelyn Rafalko McNulty
Recorder of Deeds

* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

00CFB1



LACKAWANNA COUNTY
CERTIFIED PROPERTY IDENTIFICATION
MUNI: 34
PIN: 14412 050 005
USE: \_\_\_\_\_ ASSESS VAL: \_\_\_\_\_
DATE: 1/6/06  AW
0,W    CLERK

Recording requested by:
FIRSTPLUS Bank, a California
Corporation, As Its Attorney-In-Fact

When recorded mail to:
COUNTRYWIDE HOME LOANS, INC.
P.O. BOX 10423, SV-79
VAN NUYS, CA 91499-6211
Attn: ASSIGNMENT UNIT

## CORPORATION ASSIGNMENT OF MORTGAGE

Branch/Source Code 601 5441
Doc. ID# 00006214312005N
Commitment# 6015441

For value received, the undersigned, FIRSTPLUS Bank, a California Corporation, As Its Attorney-In-Fact, 1732 Reynolds, Irvine, CA 92614, hereby grants, assigns and transfers to:
Firstplus Financial, Inc.
1750 Regal Row #120, Dallas, TX 75235

All its interest under that certain Mortgage dated 2/14/98, executed by:
SHARON CONFORTI & EUGENE CONFORTI, Mortgagor as per MORTGAGE recorded as Instrument No. 2107 on 2/26/98 in Book 2048 Page 16 of official records in the County Recorder's Office of LACKAWANNA County, PENNSYLVANIA.
Tax Parcel =          , MISSING/PENDING PAYEE CODE
Original Mortgage $22,681.46
2314 LAFAYETTE STREET, SCRANTON, PA 18504

Together with the Note or Notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage. "I hereby certify that the precise address of the within named assignee is 1750 Regal Row #120, Dallas, TX 75235 "

Dated: 11/29/2005    FIRSTPLUS Bank, a California Corporation, As Its
                     Attorney-In-Fact

By _____
   HEIDI SMALLEY, ASSISTANT SECRETARY, AS ATTORNEY IN
   FACT BY POA ATTACHED

State of California
County of Ventura

On 11/29/2005 before me, SONIA L. SEITZ , personally appeared HEIDI SMALLEY, ASSISTANT SECRETARY, AS ATTORNEY IN FACT BY POA ATTACHED of FIRSTPLUS Bank, a California Corporation, As Its Attorney-In-Fact, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their duly authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the persons acted, executed the instrument. Witness my hand and official seal.

Signature: _____
           SONIA L. SEITZ

Prepared by: BEN SANTIAGO
P.O. BOX 10423, SV-79
VAN NUYS, CA 91499-6211
Phone#: (805) 577-4246  Ext: 4246

SONIA L. SEITZ
Commission # 1608383
Notary Public - California
Ventura County
My Comm. Expires Sep 22, 2009



**EVIE RAFALKO McNULTY**
LACKAWANNA COUNTY RECORDER OF DEEDS
200 North Washington Avenue
Scranton, Pennsylvania 18503
(570) 963-6775

Instrument Number - 200536503
Recorded On 12/27/2005 At 3:24:30 PM       * Total Pages - 2
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - 41304       User - MH
* Mortgagor - CONFORTI, SHARON
* Mortgagee - US BANK
* Customer - COUNTRYWIDE DOCUMENT PROCESSING
* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| STATE JCS/ACCESS TO JUSTICE | $10.00 |
| RECORDING FEES - RECORDER OF DEEDS | $13.00 |
| PARCEL CERTIFICATIONS | $10.00 |
| COUNTY IMPROVEMENT FEE | $2.00 |
| ROD IMPROVEMENT FEE | $3.00 |
| TOTAL | $38.50 |

> This is a certification page
>
> **DO NOT DETACH**
>
> This page is now part of this legal document.

**RETURN DOCUMENT TO:**
COUNTRYWIDE DOCUMENT PROCESSING
P.O. BOX 10423
VAN NUYS, CA 91499

I hereby CERTIFY That this document is recorded in the Recorder of Deeds Office of Lackawanna County, Pennsylvania.

Evelyn Rafalko McNulty
Recorder of Deeds

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.



LACKAWANNA COUNTY
CERTIFIED PROPERTY IDENTIFICATION
MUN#: 34
PIN: 14412 050 005
USE: ASSESS VAL:
DATE: 12-23-05
CLERK

Recording requested by:
FIRSTPLUS FINANCIAL INC. F/K/A
REMODELERS NATIONAL FUNDING CORP.

When recorded mail to:
Countrywide Home Loans Inc.
P.O. Box 10423 MS: SV-79
VAN NUYS, CA 91499-6211
Attn: ASSIGNMENT UNIT

## CORPORATION ASSIGNMENT OF MORTGAGE

Branch/Source Code 601 5441
Doc. ID# 00006214312005N
Commitment# 6015441

For value received, the undersigned, FIRSTPLUS FINANCIAL INC. F/K/A REMODELERS NATIONAL FUNDING CORP., 1600 Viceroy, Dallas, TX 75235-2306, hereby grants, assigns and transfers to:
U.S. Bank National Association, as Indenture Trustee for the FirstPlus Asset-Backed Securities, Series No.1998-3

All its interest under that certain Mortgage dated 2/14/98, executed by: SHARON CONFORTI & EUGENE CONFORTI, Mortgagor as per MORTGAGE recorded as Instrument No. 2107 on 2/26/98 in Book 2048 Page 16 of official records in the County Recorder's Office of LACKAWANNA County, PENNSYLVANIA.
Tax Parcel = MISSING/PENDING PAYEE CODE
Original Mortgage $22,681.46
2314 LAFAYETTE STREET, SCRANTON, PA 18504

Together with the Note or Notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage. "I hereby certify that the precise address of the within named assignee is FirstPlus Asset-Backed Securities, Series No.1998-3 "

X [signature]

Dated: 11/15/2005    FIRSTPLUS FINANCIAL INC. F/K/A REMODELERS NATIONAL FUNDING CORP.

By [signature]
Heidi Smalley, Assistant Secretary

State of California
County of Ventura

On 11/15/2005 before me, Sonia L Seitz, personally appeared Heidi Smalley, Assistant Secretary of FIRSTPLUS FINANCIAL INC. F/K/A REMODELERS NATIONAL FUNDING CORP., personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their duly authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the persons acted, executed the instrument. Witness my hand and official seal.

Signature: [signature]
Sonya L Seitz

Prepared by: Assignment Unit
1800 Tapo Canyon Rd SV-79
Simi Valley, CA 93063
Phone#: (805) 577-4246 Ext: 4246

[Notary Seal: SONIA L. SEITZ, Commission # 1608383, Notary Public - California, Ventura County, My Comm. Expires Sep 22, 2009]